IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| DANIEL JUSTIN CARRELL, | CV 13-058-H-DWM-JTJ |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |
| ELIZABETH RANTZ, MIKE FERRITER, DR. KOHUT, DR. EUNICE, and NURSE TONYA, | |
| Defendants. | |

Plaintiff Daniel Carrell was a state inmate incarcerated at Montana State Prison in Deer Lodge, Montana, when he filed this action. (Doc. 2.) On December 23, 2013, Mr. Carrell filed a Notice of Change of Address indicating he would be discharged from Montana State Prison on January 9, 2014. (Doc. 8.) Mr. Carrell filed an objection to the April 22, 2014 Findings and Recommendations on April 25, 2014. (Doc. 10). He has filed nothing further in this case.

On January 14, 2015, Defendants filed a Motion for Summary Judgment. (Doc. 20.) In the motion, Defendants indicate that counsel attempted to contact Mr. Carrell to see if he objected to the motion but have had no communication from Mr. Carrell. (Doc. 20 at 2.) With the motion, Defendants also filed the required Notice and Warning advising Mr. Carrell of the consequences of failing to

1

respond to the motion for summary judgment. (Docs. 24, 30.) Mr. Carrell did not respond to Defendants' Motion for Summary Judgment.

On February 12, 2015, the Court issued an Order requiring Mr. Carrell to show cause why this matter should not be recommended for dismissal with prejudice for failure to prosecute. (Doc. 31.) The Court advised Mr. Carrell that a failure to respond would result in a recommendation that this matter be dismissed with prejudice. *See Fed.R.Civ.P. 41(b)*; *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987) (a court may dismiss an action, with prejudice, for failure to obey a court order).

Based upon Mr. Carrell's refusal to respond to Defendant's motion and failure to comply with the Court's February 12, 2015 Order, this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a

sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case was filed almost a year and a half ago. It is at a critical stage in that there is a pending Motion for Summary Judgment (Doc. 20) to which Mr. Carrell has not responded. Without an ability to communicate with Mr. Carrell, this matter could linger indefinitely. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do

so if Mr. Carrell refuses to communicate with the Court. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Carrell's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* The Court warned Mr. Carrell of the consequences of not responding to Defendant's motion and gave him an opportunity to show cause why the case should not be dismissed. He has not responded. As such, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal of the Complaint because public

policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATION

1. This matter should be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court should be directed to close this matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

2. The Clerk of Court should have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 18th day of March, 2015.

    /s/ John Johnston
John Johnston
United States Magistrate Judge